**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE BRISENO,<br><br>                              Plaintiff,<br>v.<br>MITSUBISHI CATERPILLAR FORKLIFT AMERICA, INC., et al.,<br><br>                            Defendants. | Case No.: 18cv2087-MMA (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 15] |

    Plaintiff Jose Briseno ("Plaintiff") filed the instant action against Defendants Mitsubishi Caterpillar Forklift America, Inc. ("Mitsubishi") and Paul Chao in the Superior Court of California, County of San Diego, alleging claims for Strict Products Liability, Negligence-Products Liability, and Negligence. *See* Doc. No. 1-2 (hereinafter "Compl.").[1] On September 7, 2018, Mitsubishi removed the action to this Court on the basis of diversity jurisdiction. *See* Doc. No. 1. On October 15, 2018, Plaintiff filed a motion to remand the action back to state court. *See* Doc. No. 15. Mitsubishi filed an opposition, to which Plaintiff replied. *See* Doc. Nos. 28, 33. The Court found the matter

---

[1] Plaintiff brings the first two causes of action against Mitsubishi, while Plaintiff brings the third cause of action for negligence solely against Defendant Chao. *See id.*

suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 35. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand.

## BACKGROUND

Plaintiff is an individual who resides in San Diego County, California. Compl. ¶ 1. Mitsubishi is incorporated under the laws of Delaware, and has its principal place of business in Texas. *See* Doc. No. 1 at 2. Plaintiff alleges Defendant Chao also resides in San Diego County, California. Compl. ¶ 3.

On or about April 26, 2016, while employed to "install and move granite and countertops for Duracite," Plaintiff suffered an injury when he was "forcefully struck on the head by the prongs" of a Mitsubishi forklift. *Id.* ¶ 6. As a result of the accident, Plaintiff suffered a "head injury, bodily injury, emotional distress, pain and suffering, loss of earnings, and other damages." *Id.* ¶ 7.

Plaintiff alleges that Mitsubishi designed, manufactured, distributed, sold, warranted, inspected, researched, developed, marketed, and labeled the forklift. *See id.* ¶ 9. Plaintiff claims the forklift was "in a defective and/or unreasonably dangerous condition when it left [Mitsubishi's] possession." *Id.* ¶ 10. Due to the condition of the forklift when it left Mitsubishi's possession, the forklift "caused physical injury to Plaintiff." *Id.* ¶ 13. Moreover, Mitsubishi failed to use sufficient care when designing, manufacturing, distributing, selling, warranting, inspecting, researching, developing, advertising, and/or marketing the forklift. *Id.* ¶ 19.

Further, Plaintiff claims that Defendant Chao "serviced, sold, maintained, installed and/or inspected the FORKLIFT at some point prior" to the accident. *Id.* ¶ 23.[2] Defendant Chao owed Plaintiff "a duty of reasonable care to repair, lease, entrust, and

---

[2] It appears that there is an error with respect to the numbering of the paragraphs in Plaintiff's Complaint. Specifically, in the third cause of action, paragraphs 23-25 follow paragraph 26. Nevertheless, the Court cites to the paragraphs as they appear in Plaintiff's Complaint.

maintain the FORKLIFT in a reasonable manner." *Id.* ¶ 24.

Based on these allegations, Plaintiff commenced the instant action. Plaintiff seeks general damages, compensatory damages, medical expenses, loss of income and diminished earning capacity, and the costs of the lawsuit. *See* Compl.

### **LEGAL STANDARD**

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007), *overruled on other grounds by Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Pursuant to Title 28 of the United States Code, section 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Title 28 of the United States Code, section 1441(a), provides for removal of a civil action from state to federal court if the case could have originated in federal court. If a matter is removable solely on the basis of diversity jurisdiction pursuant to § 1332, the action may not be removed if any properly joined and served defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b)(2). The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### **DISCUSSION**

**1. Mitsubishi's Evidentiary Objections**

As an initial matter, Mitsubishi filed various objections to the declarations of Plaintiff Jose Briseno and Marlene Pena, submitted in support of Plaintiff's motion to remand. *See* Doc. No. 30. Plaintiff did not respond to Mitsubishi's objections.

With respect to Plaintiff's declaration, Mitsubishi first objects to paragraph three as irrelevant, inadmissible opinion testimony by a lay witness, and inadmissible hearsay. *See id.* at 2. Plaintiff's statements in paragraph three of his declaration are clearly relevant to this action. *See* Fed. R. Evid. 401. Further, Plaintiff's statements regarding Defendant Chao do not constitute inadmissible opinion testimony by a lay witness because such statements are "rationally based on [Plaintiff's] perception," helpful to understanding his testimony, and are "not based on scientific, technical, or other specialized knowledge[.]" Fed. R. Evid. 701. Finally, to the extent Plaintiff mentions what Defendant Chao told him during their conversation, such a statement, even if offered for the truth of the matter asserted, is a statement made by an opposing party in his individual capacity. *See* Fed. R. Evid. 801(d)(2). As such, the Court **OVERRULES** Mitsubishi's objection to the third paragraph of Plaintiff's declaration.

Second, Mitsubishi objects to paragraph four of Plaintiff's declaration as irrelevant and based on insufficient personal knowledge. *See* Doc. No. 30 at 2-3. The Court finds Plaintiff's statement relevant to the instant action. *See* Fed. R. Evid. 401. However, while the Court finds Plaintiff has demonstrated sufficient personal knowledge as to whether Defendant Chao worked at Duracite, the Court finds that Plaintiff has not shown that he has sufficient personal knowledge to support his contention that Defendant Chao was "hired solely to inspect, maintain and/or repair the subject forklift." Doc. No. 15 at 19[3] (hereinafter "Briseno Decl.") ¶ 4; *see* Fed. R. Evid. 602. Accordingly, the Court **SUSTAINS IN PART** Mitsubishi's objection solely as it relates to what Defendant Chao was purportedly hired to do.

Third, Mitsubishi objects to paragraph six of Plaintiff's declaration on the grounds that the statement constitutes inadmissible opinion testimony by a lay witness and is irrelevant. The Court need not rely on this statement in reaching its conclusion below. Accordingly, the Court finds Mitsubishi's third objection **MOOT**.

---

[3] Citations to this document refer to the pagination assigned by the CM/ECF system.

Mitsubishi further objects to all references to Paul Chao in the declaration of Marlene Pena on the grounds that Ms. Pena lacks personal knowledge and that any such references are irrelevant to material facts in this matter. *See* Doc. No. 30 at 4. The Court finds Ms. Pena's statements relevant to the instant action. *See* Fed. R. Evid. 401. Moreover, Ms. Pena does not indicate in her declaration that the Paul Chao located through a public record search is in fact the person Plaintiff spoke to at Duracite. Rather, Ms. Pena details that her public record search revealed the address of one individual with that name residing in San Diego County. *See* Doc. No. 15 at 22-23 (hereinafter "Pena Decl.") ¶¶ 3-5. Accordingly, the Court finds Mitsubishi's objection without merit and **OVERRULES** Mitsubishi's objection to Ms. Pena's declaration.

### 2. Motion to Remand

In its notice of removal, Mitsubishi asserts that Defendant Chao "is a fictitious defendant" and that "he is not known to Duracite, Jose Briseno's employer." Doc. No. 1 at 2. Plaintiff, however, argues Defendant Chao was properly served by publication prior to Mitsubishi's removal, and that at the time of removal, "Plaintiff was in the process of filing a First Amended Complaint" in state court "that includes a cause of action for negligence against Defendant SanNicolas, a citizen of California." Doc. No. 15 at 5. Thus, Plaintiff contends the Court should remand the action because: 1) Mitsubishi improperly removed pursuant to the forum defendant rule; and 2) Plaintiff intends to file a FAC against SanNicolas. *See id.* Mitsubishi, in opposition, argues the Court should deny Plaintiff's motion to remand because Plaintiff's motion is untimely, Defendant Chao has been fraudulently joined, and the anticipated filing of Plaintiff's first amended complaint is immaterial. *See* Doc. No. 28 at 2.

#### a. *Timeliness*

Mitsubishi contends that Plaintiff's motion to remand is untimely and should be denied because it is based on the forum defendant rule, which must be raised within thirty days after the notice of removal is filed. *See* Doc. No. 28 at 9. Plaintiff requests the Court hear the motion on the merits because Plaintiff made a "minor" procedural mistake

and promptly re-filed the same motion after correcting the procedural mistake. *See* Doc. No. 33 at 5.

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). The Ninth Circuit has held that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)." *Lively v. Wild Oaks Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006). However, [i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Although a jurisdictional reading of the rule preserves the plaintiff's right to remand beyond the 30-day limit, it also allows the court to remand *sua sponte*, even if the plaintiff prefers to remain in federal court." *Lively*, 456 F.3d at 940.

Here, the Court agrees that Plaintiff's argument regarding the forum defendant rule is untimely, as Plaintiff asserted this challenge outside of the thirty-day time limit set forth in § 1447(c). Mitsubishi asserts that "the latest date on which Plaintiff could timely request remand was October 11." Doc. No. 28 at 9. Plaintiff attempted to file his motion on October 9, 2018, but the Court ordered the document stricken due to counsel's failure to obtain a hearing date prior to filing the motion, as required by the undersigned's Civil Chambers Rule III. *See* Doc. No. 10. Plaintiff filed his motion on October 15, 2018, after obtaining a hearing date from chambers staff. *See* Doc. No. 15. As such, Plaintiff waived his argument regarding the forum defendant rule.

However, Plaintiff's motion also implicates a larger jurisdictional challenge. *See* Doc. No. 15 at 4 (noting that Plaintiff and Defendant Chao are both citizens of California). In its opposition, Mitsubishi maintains that Defendant Chao has been fraudulently joined, thereby creating an exception to the complete diversity requirement. *See* Doc. No. 28 at 4. Plaintiff correctly notes that if the Court concludes Defendant Chao has not been fraudulently joined, there is no complete diversity of citizenship

between the parties, and the Court lacks subject matter jurisdiction. *See* Doc. No. 33 at 3. Accordingly, because Plaintiff's motion also implicates the Court's subject matter jurisdiction and the parties have thoroughly briefed the subject, and because the Court may address the issue of subject matter jurisdiction *sua sponte*, the Court proceeds to analyze whether Defendant Chao has been fraudulently joined. *See* 28 U.S.C. § 1447(c) (noting "[a] motion to remand the case on the basis of any defect *other than* lack of subject matter jurisdiction must be made within 30 days") (emphasis added); *Skranak v. Castenada*, 425 F.3d 1213, 1216 (9th Cir. 2005) ("[J]urisdictional bars cannot be waived by the parties and may be addressed *sua sponte*.").

### b. Fraudulent Joinder

Mitsubishi argues that Defendant Chao has been fraudulently joined, and his citizenship should be ignored for purposes of diversity jurisdiction. *See* Doc. No. 28 at 4. Mitsubishi asserts that neither party has been able to locate Defendant Chao, including Plaintiff's counsel and investigator, suggesting that no such person exists. *See id.* at 5. Mitsubishi further contends that even if Defendant Chao does exist, and is in fact a resident of California, Duracite has never employed a Paul Chao, nor has a Paul Chao ever been employed by Duracite. *See id.* at 6. Thus, Mitsubishi claims "no one named Paul Chao owed a duty of Plaintiff and Plaintiff cannot maintain a negligence action against Chao." *Id.* In his reply brief, Plaintiff asserts Defendant Chao is a proper party to this action, as he has been properly joined and served in this action. *See* Doc. No. 33 at 2. Thus, because Defendant Chao and Plaintiff are citizens of California, "the Court may not exercise diversity jurisdiction in this case." *Id.* at 3.

Where a non-diverse defendant has been fraudulently joined to otherwise diverse parties, the non-diverse defendant's citizenship is disregarded for diversity jurisdiction purposes. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). "Fraudulent joinder is a term of art and does not implicate a plaintiff's subjective intent." *Rangel v. Bridgestone Retail Operations, LLC*, 200 F. Supp. 3d 1024, 1030 (C.D. Cal. 2016) (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

"Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (internal quotation marks and citations omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent." *Albi v. St. & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944). District courts may also consider "the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339; *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (explaining that where fraudulent joinder is at issue, a district court may look beyond the pleadings because "a defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory.").

A defendant bears the heavy burden of demonstrating fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). As such, the removing defendant asserting fraudulent joinder must overcome "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1046 (citation and quotation marks omitted). "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.* at 1044. (internal quotation marks and citation omitted). Where there is a doubt as to whether the plaintiff states a cause of action against the defendant, "the doubt is ordinarily resolved in favor of the retention of the case in state court." *Albi*, 140 F.2d at 312.

Mitsubishi first argues that the "Court should not consider Chao for purposes of removal" because at the time of removal, "Chao had neither been personally served nor had Plaintiff filed a Proof of Service by Publication for Chao." Doc. No. 28 at 4. The Supreme Court has made clear, however, that a defendant who is a citizen of the plaintiff's state destroys complete diversity, regardless of whether that defendant was properly served prior to removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 538 (1939);

*Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (noting that "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of a diversity is determined from the fact of citizenship of the parties named *and not from the fact of service*.") (emphasis added); *Stiny v. Northrop Grumman Sys. Corp.*, No. CV 16-8532 PSG (AJWx), 2017 WL 787114, at *2 (C.D. Cal. March 1, 2017) ("Plaintiff's failure to serve the Non-Diverse Defendants does not bar the Court from considering their citizenship for diversity purposes."). Moreover, Plaintiff served Defendant Chao by publication, pursuant to California Code of Civil Procedure § 415.50, in the San Diego Union Tribune on four occasions during the months of July and August 2018. *See* Doc. No. 15 at 11-14 (hereinafter "Roofian Decl.") ¶ 11. Plaintiff "then properly filed [the Proof of Publication from the San Diego Union Tribune] in the Superior Court of the State of California for the County of San Diego" on September 12, 2018. *Id.*; *see also* Doc. No. 15 at 27. Thus, the Court finds Mitsubishi's argument regarding service unpersuasive.

Second, Mitsubishi argues that Plaintiff "cannot maintain a negligence action against Chao" because the parties are currently unable to locate Defendant Chao, suggesting "that no such person . . . even exists or has ever existed." Doc. No. 28 at 5.[4] Thus, Mitsubishi contends "no one named Paul Chao owed a duty to Plaintiff[.]" *Id.* at 6. When determining whether Mitsubishi has met its heavy burden of demonstrating Defendant Chao has been fraudulently joined, courts look to the plaintiff's complaint and may also consider "summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001). As such, the Court proceeds by reviewing Plaintiff's allegations in the Complaint, as well as the declarations submitted by the parties in support of their respective briefs.

---

[4] "To prevail on [a] negligence claim, plaintiffs must show that [the defendant] owed them a legal duty, that it breached the duty, and that the breach was a proximate or legal cause of their injuries." *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 477 (2001).

In his Complaint, Plaintiff alleges Defendant Chao "serviced, sold, maintained, installed and/or inspected the FORKLIFT at some point prior to the ACCIDENT." Compl. ¶ 23. Moreover, Defendant Chao owed Plaintiff "a duty of reasonable care to repair, lease, entrust, and maintain the FORKLIFT in a reasonable manner." *Id.* ¶ 24. Defendant Chao allegedly failed to use the requisite amount of care, resulting in Plaintiff's injuries. *See id.* ¶¶ 25-27.

Plaintiff declares that several weeks prior to the incident in question, he "observed the subject forklift being inspected, maintained and/or repaired by an individual who I identified as Paul Chao from the name tag on his work uniform." Briseno Decl. ¶ 3. Moreover, to his knowledge, Defendant Chao was not employed by Duracite. *See id.* ¶ 4.

Plaintiff concedes that "[p]rior to filing the complaint in this action, [he] was unable to determine the whereabouts or address of Defendant PAUL CHAO." Roofian Decl. ¶ 6. Plaintiff hired SAFE Forensic Investigative Services to locate and serve Defendant Chao. *See id.* ¶ 7. Ms. Pena, an employee of SAFE Forensic Investigative Services, signed a declaration on June 30, 2018, outlining her role in attempting to locate and serve Defendant Chao. Specifically, Ms. Pena conducted a public record search and found one known address in San Diego for an individual named Paul Chao, however, "attempts to locate and serve Paul Chao at this address were unsuccessful." Pena Decl. ¶ 4. The record search provided five additional addresses outside of San Diego County, but "[i]t was determined that Paul Chao no longer resides at these addresses." *Id.* ¶ 5. On July 3, 2018, Plaintiff's counsel paid the San Diego Union Tribune $ 490 to publish the summons of Defendant Chao on four occasions over the course of July and August 2018. *See* Roofian Decl. ¶¶ 10-11.

Mitsubishi submits the declaration of Lenna Geist, employed by Duracite as Human Resources Manager, in support of its position that Plaintiff cannot assert a negligence claim against Defendant Chao. *See* Doc. No. 29-1 (hereinafter "Geist Decl.") ¶ 1. Ms. Geist maintains that Paul Chao has never been employed by Duracite, served as an independent contractor for Duracite, worked for an outside vendor utilized by

Duracite, serviced any forklift at any Duracite location, sold any forklift to Duracite, maintained any forklift at any Duracite location, installed any forklift parts at any Duracite location, or inspected any forklift at any Duracite location. *See id.* ¶¶ 2-10.

Here, in considering the declarations of Ms. Geist, Plaintiff, and Ms. Pena, the Court finds that Mitsubishi has not met its heavy burden of demonstrating fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc.*, 494 F.3d at 1206. Ms. Geist's declaration is insufficient to demonstrate that Defendant Chao does not exist or is a "phantom defendant." Doc. No. 28 at 6. Further, Mitsubishi does not cite to, nor is the Court aware of, any authority supporting a finding of fraudulent joinder where the parties cannot locate the non-diverse defendant. "'[A] defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant.'" *Rangel*, 200 F. Supp. 3d at 1033 (quoting *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). While the parties are currently unable to locate Defendant Chao, "the question is simply whether there is *any possibility* that [the] plaintiff will be able to establish liability against the party in question." *Briano v. Conseco Life Ins. Co.*, 126 F. Supp. 2d 1293, 1296 (C.D. Cal. 2000) (emphasis added). The Court cannot find at this early stage of the litigation that there is "no possibility" Plaintiff can establish a negligence cause of action against Defendant Chao. *Quizon v. Target*, No. 17-CV-07110-RSWL-JEM, 2017 WL 5897368, at *4 (C.D. Cal. Nov. 28, 2017); *see also Henderson v. Jim Falk Motors of Maui, Inc.*, No. 14-00079 DKW-KSC, 2014 WL 3420773, at *2 (D. Haw. July 10, 2014) (finding the defendant "has not satisfied" its heavy burden; thus "the Court cannot find that [the plaintiff] fraudulently named Falk Motors in this action, much less did so for purposes of defeating diversity.").

In light of the Court's conclusion that Mitsubishi has failed to meet its heavy burden, Defendant Chao destroys complete diversity, and the action must be remanded to

state court.[5] *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance.") (emphasis added). Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

<u>CONCLUSION</u>

Based on the foregoing, the Court **GRANTS** Plaintiff's motion and **REMANDS** this action back to state court. The Clerk of Court is instructed to terminate all pending motions, deadlines, and hearings.

**IT IS SO ORDERED.**

Dated: December 3, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[5] Because the Court finds that Paul Chao has not been fraudulently joined, the Court declines to consider Plaintiff's arguments regarding the anticipated filing of a first amended complaint.